```
                                                    16CV002045

STATE OF NORTH CAROLINA  FILED        IN THE GENERAL COURT OF JUSTICE
                                         SUPERIOR COURT DIVISION
COUNTY OF WAKE        2016 FEB 17  A II: 30        16-CVS-_____

DAVID CHRISTOPHER JUSTICE and    )
LISA JUSTICE,        WAKE COUNTY, C.S.C.
                         BY
         Plaintiffs,             )
                                 )        COMPLAINT
v.                               )
                                 )
GREYHOUND LINES, INC. and J.L.   )
ROBINSON,                        )
                                 )
         Defendants.             )
                                 )
```

Plaintiffs David Christopher Justice and Lisa Justice (hereinafter collectively "Plaintiffs"), complaining of Defendants Greyhound Lines, Inc. and J.L. Robinson (hereinafter collectively "Defendants"), allege and say as follows:

### PARTIES, JURISDICTION, AND VENUE

1.  Plaintiff David Christopher Justice (hereinafter, "Chris") is an adult citizen and resident of Alamance County, North Carolina.

2.  Plaintiff Lisa Justice (hereinafter, "Lisa") is an adult citizen and resident of Alamance County, North Carolina. Chris and Lisa are husband and wife.

3.  Upon information and belief, Defendant Greyhound Lines, Inc. (hereinafter "Greyhound") is a Delaware corporation with its principal place of business in Dallas County, Texas. Upon further information and belief, Greyhound conducts substantial business in North Carolina, including in Wake County.

4.  Upon information and belief, Defendant JL Robinson (hereinafter, "Robinson") is an adult citizen and resident of Gwinnett County, Georgia. Upon further information and belief, Robinson conducts substantial business in North Carolina, including in Wake County.

5.  This Court has jurisdiction over the parties and the subject matter of this dispute.

6.  Venue is proper in Wake County.

7.  The amount in controversy exceeds $25,000.00.



DEFENDANT'S EXHIBIT B

## FACTUAL ALLEGATIONS

8. Greyhound is a bus transportation company. At all times relevant to this litigation, Robinson was employed by Greyhound as a bus driver.

9. Chris is a North Carolina State Highway Patrol Trooper.

10. On the morning of December 24, 2014, several traffic crashes, including at least one fatal crash, occurred in the eastbound lanes of Interstate 85/40 near Mebane, North Carolina and near mile marker 155.

11. At that time, Chris was on duty and, as such, he responded to those crashes.

12. Chris was operating a marked State Highway Patrol Chevy Tahoe (hereinafter, the "Tahoe"), with all emergency lights in activation.

13. Chris arrived at the location of the crashes at approximately 8:40 a.m. Also at the scene were multiple other police vehicles, fire trucks, and ambulances.

14. At the relevant portion of Interstate 85/40, there are four eastbound lanes. Because of the crashes, at least the far right or southernmost lane was blocked. Chris located his Tahoe in the farthest right lane approximately 600-700 feet behind the accidents to alert and divert oncoming traffic to avoid the crash area.

15. While stationary in that location, all emergency lights on the patrol Tahoe were fully activated to warn oncoming motorists of the danger of the accident ahead. Chris was also using his flashlight to attract the attention of motorists driving in the farthest outside highway lanes to change lanes to avoid the crashed vehicles ahead in the right lane.

16. Chris was in that position for some significant time period signaling traffic away from the crash scene.

17. Also on December 24, 2014, a bus owned and operated by Greyhound, and driven by Robinson, was traveling eastbound on Interstate 85/40 (the "Bus"). The Bus was traveling from Atlanta, Georgia to Richmond, Virginia, and Robinson was the Bus' driver from Atlanta to Raleigh, North Carolina.

18. At the time and place alleged hereinabove, Robinson was operating the Bus with the express knowledge and consent of his employer Greyhound and was in all respects acting as the employee and agent on behalf of his employer and principal with respect to operation of the Bus.

19. The Bus was bearing Texas license plate number K020826 and Vehicle Identification Number 1M8PDMR6YP052744.

20. Robinson was driving the Bus in the farthest right lane of Eastbound traffic on Interstate 85/40.

21. Just after 10:00 a.m., Robinson approached the accident scene where Chris was parked, at a speed of approximately 73 mph.

22. Upon information and belief, at this time, Robinson had exceeded the maximum allowable hours of driving time during an eight day period, in violation of 49 C.F.R. §395.5.

23. As the Bus driven by Robinson approached Chris, Robinson failed to see the Tahoe, failed to move out of the right lane, and failed to slow down as he approached the location of the Tahoe.

24. Robinson made no attempt to avoid colliding into the Tahoe, despite screams from the Bus passengers.

25. As a result of Robinson's negligent operation of the Bus, the Bus slammed into the rear of the Tahoe, pushing it approximately 170 feet.

26. According to the Bus' global positioning system data, the Bus was traveling 73.75 miles per hour at the time of the collision, despite a posted speed limit of 65 miles per hour and dangerous, rainy conditions.

27. Robinson committed numerous Motor Vehicle Carrier violations in his operation of the Bus, including at least: reckless driving, failure to reduce speed to avoid a collision, speeding, driving after 70 hours on duty in an 8-day period, and having an inoperative required lamp.

28. Robinson was also criminally charged with unlawfully and willfully operating a motor vehicle on a street or highway without decreasing speed as necessary to avoid colliding with a vehicle and unlawfully and willfully without due caution and circumspection and at a speed or in a manner so as to endanger persons and property.

29. Robinson was negligent at the time and place alleged hereinabove in at least the following particulars:

    a. He failed to keep and maintain a reasonable, careful, and proper lookout in his direction of travel;

    b. He failed to maintain proper control of the Bus;

    c. He failed to see or take notice of Chris and his Tahoe, with emergency lights activated;

    d. He proceeded towards the accident site without due caution and in disregard for the safety of Chris;

e. He failed to operate the Bus in a manner which would allow him to maintain the degree of control over the Bus that a reasonable, careful and prudent person would have maintained under the same or similar circumstances;

f. He operated the Bus in a careless and reckless fashion without regard for the rights and safety of emergency personnel on the Interstate, including Chris;

g. He unlawfully and willfully operated the Bus on the Interstate without decreasing speed as necessary to avoid colliding with the Tahoe in violation of N.C. Gen. Stat. § 20-141(M);

h. He unlawfully and willfully operated the Bus without due caution and circumspection and at a speed or in a manner so as to endanger persons and property in violation of N.C. Gen. Stat. § 20-140(B);

i. He operated the Bus (and/or other Greyhound buses) in excess of 70 hours in an 8-day period; and

j. In all other ways to be shown at trial.

30. Robinson's negligent acts and omissions were the sole proximate cause of the collision between the Bus and the Tahoe.

31. At all times relevant, Robinson was Greyhound's employee and agent, was acting within the course and scope of his employment, and was operating the Bus at Greyhound's express direction and control.

32. As such, Robinson's negligent acts and omissions as described above are imputed to Greyhound under the doctrine of *respondeat superior*, and Robinson and Greyhound are both liable to Chris.

33. As a direct and proximate result of the collision, Chris suffered substantial injuries. For example, but not exclusively, his left arm, mouth, jaw, and teeth were severely injured, he suffered numerous broken ribs, a fractured spine and neck, nerve damage, a punctured left lung, a severe concussion, post-traumatic stress disorder, and memory loss.

34. Chris also incurred, and continues to incur, substantial medical bills and related expenses.

35. As a result of his injuries, Trooper Justice has sustained a very substantial and likely permanent impairment of his capacity to earn a living.

36. Also as a direct and proximate result of Robinson's negligence, Chris has suffered and continues to suffer on a regular basis physical pain and suffering. Chris is also informed, believes, and alleges that his injuries have caused a disability to his body.

37. Also as a direct and proximate result of Robinson's negligence, Chris's quality of life and enjoyment of life and certain physical activities have been severely reduced.

38. Upon information and belief, Robinson acted with conscious and intentional disregard of, and indifference to, the rights and safety of others. Upon further information and belief, Robinson was aware of the probable consequences of his conduct, and knew the likelihood that his conduct was reasonably likely to result in injury, damage, or other harm to others, including Chris.

## FIRST CLAIM FOR RELIEF
### [Bodily Injuries of Chris]

39. Plaintiffs restate and reallege the allegations contained above as if fully set forth herein.

40. The collision between the Bus and Justice Trooper's Tahoe resulted in serious, long lasting and permanent bodily injuries to Chris. As a result of the collision described above, Chris has incurred substantial costs obtaining medical care and treatment, which care and treatment is currently ongoing.

41. As a direct consequence of the collision and Chris's resulting bodily injuries, Chris has suffered substantial physical and emotional pain and suffering, which pain and suffering is currently ongoing.

42. As a direct consequence of the collision and Chris's resulting bodily injuries, Chris has sustained a substantial diminution in the enjoyment of his life as he had been capable of living it prior to the collision, including his marital relationship with his wife Lisa.

43. As a direct consequence of the collision and Chris's resulting bodily injuries, Chris has been unable to work and earn income since December 24, 2014 and is reasonably unlikely to return to work in the future in his capacity as a State Highway Patrolman.

44. Defendants are liable to Chris for the payment of money damages in an amount to be determined at trial on account of their responsibility for the bodily injuries resulting from the collision of December 24, 2014.

## SECOND CLAIM FOR RELIEF
### [Loss of Consortium of Lisa]

45. Plaintiffs restate and reallege the allegations contained above as if fully set forth herein.

46. The aforementioned collision resulted in serious and long lasting bodily injuries to Chris. As a result of those bodily injuries, his ongoing medical care and his physical and

emotional pain and suffering, Chris has been unable to engage in the activities of daily life which he previously enjoyed before December 24, 2014.

47. On December 24, 2014, and at all times pertinent to this action, Chris and Lisa were husband and wife and had previously enjoyed a close and loving marital relationship in all respects.

48. As a direct consequence of the collision, Lisa has been deprived of the consortium previously provided to her by Chris and the quality of the relationship she has with her spouse has been materially altered.

49. Defendants are liable to Lisa for the payment of money damages in an amount to be determined at trial on account of the loss of consortium of Chris which she has sustained resulting from the collision of December 24, 2014.

### THIRD CLAIM FOR RELIEF
[Punitive Damages]

50. Plaintiffs restate and reallege the allegations contained above as if fully set forth herein.

51. Defendants' actions as alleged above constitute gross negligence and willful and wanton conduct as set forth and proscribed by N.C. Gen. Stat. § 1D-1, *et seq.*

52. Pursuant to the provisions of N.C. Gen. Stat. § 1D-1, *et seq.*, Plaintiffs are entitled to recover punitive damages from Defendants in an amount to be determined at trial, sufficient to punish and to deter such conduct in the future from Defendants and from others similarly situated.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray the Court for the following relief:

1. That the Court enter an award for Chris against Defendants, jointly and severally, as compensation for his bodily injuries, lost income, pain and suffering, diminution in quality of life, and other damages in an amount to be determined at trial, plus interest;

2. That the Court enter an award for Lisa against Defendants, jointly and severally, on account of her loss of consortium in an amount to be determined at trial, plus interest;

3. That the Court award Plaintiffs punitive damages from Defendants, jointly and severally, pursuant to N.C. Gen. Stat. §§ 1D-1, *et seq.*;

4. That the Court award Plaintiffs their reasonable attorneys' fees to the fullest extent allowed by law;

5. That the Court tax the costs of this action against Defendants; and

6. For all other relief, both legal and equitable, which the Court deems just and proper.

This the 10th day of February, 2016.

JAMES, McELROY & DIEHL, P.A.

_____
Gary S. Hemric, N.C. State Bar No. 6198
J. Alexander Heroy, N.C. State Bar No. 39752
John R. Brickley, N.C. State Bar No. 41126
600 South College Street
Charlotte, North Carolina 28202
Telephone: (704) 372-9870
Facsimile: (704) 333-5508
Email: ghemric@jmdlaw.com
aheroy@jmdlaw.com
jbrickley@jmdlaw.com
*Attorneys for Plaintiffs*