IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CV-132-FL

| | | |
|---|---|---|
| DAVID CHRISTOPHER JUSTICE and LISA JUSTICE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| GREYHOUND LINES, INC. and J.L. ROBINSON, | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on plaintiffs' motion to reopen discovery. (DE 54). The motion has been fully briefed, and the issues presented are ripe for ruling. For reasons noted, the motion is denied.

## BACKGROUND

On March 30, 2018, this court granted defendants' motion for partial summary judgment and dismissed plaintiffs' prayer for punitive damages. (DE 49). In furtherance of managing remaining pretrial and trial activities, the court directed the parties to confer and file joint status report informing of estimated trial length; particular pretrial issues which may require court intervention in advance of trial, if any; and three suggested alternative trial dates. (Id.) In their joint status report, the parties indicated existence of a discovery dispute and requested hearing regarding same, despite that the discovery deadline elapsed May 19, 2017. (DE 50 ¶ 2). At telephonic hearing held April 23, 2018, the court set deadline for plaintiff to file any motion to reopen discovery. The instant motion timely followed.

**DISCUSSION**

Plaintiffs seek discovery related to an incident occurring March 22, 2018, "in which passengers on a Greyhound bus reportedly mutinied after their driver repeatedly fell asleep at the wheel[.]" (DE 54 ¶ 3).

"The district court has wide latitude in controlling discovery[,]" <u>Ardrey v. United Parcel Service</u>, 798 F.3d 679, 682 (4th Cir. 1986), and under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "In deciding whether additional discovery is appropriate, the court finds helpful for this analysis the following factors: (1) is the trial imminent; (2) is the request opposed; (3) would the non-moving party be prejudiced; (4) was the moving party diligent during the discovery period; (5) was the request foreseeable based upon the time line set forth by the court; and (6) will the new evidence be relevant to the stated inquiry." <u>Chester v. Adams Auto Wash, Inc.</u>, No. 5:13-CV-75-FL, 2015 WL 9222893, at *2 (E.D.N.C. Dec. 17, 2015). Moreover, "the court <u>must</u> limit the frequency or extent of discovery otherwise allowed . . . if it determines that: (i) the discovery sought it unreasonably cumulative . . ." Fed. R. Civ. P. 26(b)(2)(C) (emphasis added).

The factors informing propriety of additional discovery stand largely in equipoise. It cannot be said that trial is imminent where no trial date has been set. Plaintiffs' request is opposed. Defendants concede that plaintiffs were diligent in seeking discovery during the discovery period and that need for the late-breaking information plaintiffs now seek was not foreseeable. Moreover, any burden to respond to a valid discovery request does not constitute "prejudice" of the relevant sort. Rather, where a trial date has not been set, defendants' efforts to <u>prepare for trial</u> will not suffer; therefore, plaintiffs' request is not prejudicial to defendants.

In this instance, however, plaintiffs' motion is denied because plaintiffs fail to demonstrate relevance of the information sought. In particular, plaintiffs forecast that evidence of events occurring March 22, 2018, involving driver fatigue "will demonstrate that Greyhound's conduct in this action and in the [March 22, 2018,] Incident is part of a large pattern and practice of willful and wanton conduct sufficient to justify an award of punitive damages and reconsideration of the Court's Summary Judgment Order." (DE 54 ¶ 6).

In opposition to defendants' motion for summary judgment, plaintiffs advanced three theories in support of punitive damages, namely, that defendant J.L. Robinson ("Robinson") is liable for his own willful or wanton conduct; that defendant Greyhound is liable for its own willful or wanton conduct; and that Greyhound is vicariously liable for Robinson's willful or wanton conduct. (DE 42 at 8). Evidence of another driver's negligence and/or willful or wanton conduct does not undermine the court's conclusion that Robinson's conduct was not willful or wanton, and plaintiffs' advance no such argument here. Additionally, where Greyhound may be held vicariously liable for punitive damages only if Robinson engaged in some underlying willful or wanton conduct, the events of March 22, 2018, are not relevant to plaintiffs' theory of vicarious liability.

Regarding Greyhound's direct liability for punitive damages, the court held:

> [H]indsight discloses that Greyhound's procedures did not prevent the accident in issue here, and a reasonable jury could find that Greyhound was negligent by its failure to implement stricter procedures. However, the evidence of record discloses no basis to conclude that any deficiencies in Greyhound's procedures were the result of its officers', directors', or managers' conscious and intentional disregard of and indifference to the rights and safety of others. That is, any evidence of negligence by Greyhound's officers, directors, or managers <u>does not support the further inference</u> that such actors deliberated about the rights and safety of other motorists and chose "consciously and intentionally" to disregard such rights. Moreover, Greyhound's implementation of internal driving regulations and training procedures, inadequate though they may have been, demonstrates that <u>Greyhound did take account of other motorists' safety, to at least some degree.</u> Thus, Greyhound's

3

> failure to implement stricter procedures was not willful or wanton and does not support any award of punitive damages.

(DE 49 at 14–15 (citations omitted) (emphasis added)). Evidence of an additional instance of driver fatigue bolsters plaintiffs' allegation that Greyhound's procedures were inadequate to prevent driver fatigue. However, that evidence does not illuminate Greyhound's officers', directors', or managers' "deliberat[ions] about the rights and safety of other motorists" nor does it undermine conclusion that "Greyhound's implementation of internal driving regulations and training procedures, inadequate though they may have been, demonstrates that Greyhound did take account of other motorists' safety, to at least some degree." (Id.). In this manner, the evidence plaintiffs seek is not pertinent to substantive considerations that warranted partial summary judgment. See Chester, 2015 WL 9222893, at *2.

Finally, materials presented to the court in connection with summary judgment demonstrate that plaintiffs availed themselves of ample opportunity to explore in discovery issues related to Greyhound's procedures for driver training, fatigue management, route scheduling, and disciplinary actions against drivers for failure to follow the rules. (See DE 49 at 2 (describing materials relied upon by plaintiffs)). Further discovery to ascertain how those already-known procedures were applied in an unrelated incident would be unnecessarily cumulative. See Fed. R. Civ. P. 26(b)(2)(C)(i).

In sum, plaintiffs have not demonstrated good cause to reopen discovery; therefore, plaintiffs' motion is denied. See Fed. R. Civ. P. 16(b)(4); Ardrey, 798 F.3d at 682.

## CONCLUSION

Plaintiffs' motion to reopen discovery, (DE 54), is DENIED. The parties are DIRECTED

to confer and file joint status report updating matters addressed at DE 50 within **seven days** hereof.

SO ORDERED, this the 25th day of May, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge