IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CV-132-FL

| | |
|---|---|
| DAVID CHRISTOPHER JUSTICE and LISA JUSTICE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) MEMORANDUM OPINION |
| GREYHOUND LINES, INC. and J.L. ROBINSON, | ) ) ) ) |
| Defendants. | ) |

The court memorializes here reasons why it declined in order entered from the bench during trial to submit any issue of defendant Greyhound Lines, Inc.'s ("Greyhound") direct liability for gross negligence to the jury.

**BACKGROUND**

The court notes plaintiffs alleged that "[defendant J.L.] Robinson's negligent acts and omissions . . . are imputed to [defendant] Greyhound under the doctrine of respondeat superior, and [defendants] are both liable to [David Christopher Justice]." (Compl. ¶ 32) (emphasis omitted). Plaintiffs did not allege a theory of direct liability against defendant Greyhound. Also pertinent to the question before this court is the fact that plaintiffs' punitive damages claims against defendants were dismissed on defendants' motion, prior to trial commencing January 7, 2019.[1]

In advance of trial the parties submitted joint stipulations of fact which also factor into why

---

[1] Trial, originally set for September 19, 2018, was continued to this date due to the severe weather event known as "Hurricane Florence," which devastated New Bern, North Carolina and surrounding areas.

the court ruled from the bench that it would not submit any issue of defendant Greyhound Lines, Inc.'s ("Greyhound") direct liability for gross negligence to the jury. It was agreed that "Mr. Robinson was engaged in the work and was about the business of Greyhound Lines, Inc. at the time of the collision, and such work was within the course and scope of his employment." (Joint Stipulations of Fact (DE 84) ¶ 11). The parties also stipulated "[d]efendant J.L. Robinson was negligent, and his negligence was a proximate cause of the injuries and damages suffered by Plaintiffs." (Joint Stipulations of Fact (DE 84) ¶ 17). The parties also agreed that "[d]efendant Greyhound [] is vicariously liable to [p]laintiffs if J.L. Robinson is himself liable." (Joint Stipulations of Fact (DE 84) ¶ 18).

## COURT'S DISCUSSION

Under North Carolina law, a defendant employer's admission of vicarious liability, as here, eliminates a cause of action for direct liability under theories including negligent supervision, negligent retention, negligent training, negligent hiring, or negligent entrustment as a matter of law. See Heath v. Kirkman, 240 N.C. 303, 307–08 (1954) ("[Negligent entrustment] is applicable only when the plaintiff undertakes to cast liability on an owner not otherwise responsible for the conduct of the driver of the vehicle.") (emphasis added); Johnson v. Lamb, 273 N.C. 701, 706–07 (1968) (holding no error where the trial court did not submit the failure of corporate defendant to supervise its employee to the jury); Hogan v. Forsyth Country Club Co., 79 N.C. App. 483, 495–96 (1986) ("The application of the theory of independent negligence in hiring or retaining an employee becomes important in cases where the act of the employee either was not, or may not have been, within the scope of his employment.").[2] These theories of direct liability generally require a

---

[2] Other jurisdictions have subsequently referred to this common law doctrine as the McHaffie rule. See, e.g., Ferrer v. Okbamicael, 390 P.3d 836, 842 (Colo. 2017) (citing McHaffie v. Bunch, 891 S.W.2d 822, 826 (Mo. 1995)).

2

showing "(1) that an incompetent employee committed a tortious act resulting in injury to the plaintiff; and (2) that prior to the act, the employer knew or had reason to know of the employee's incompetency." See Smith v. First Union Nat. Bank, 202 F.3d 234, 250 (4th Cir. 2000).

Where vicarious liability is admitted, such direct liability claims are "irrelevant and prejudicial." Heath, 240 N.C. at 308. In Heath, the North Carolina Supreme Court considered whether allegations, specifically that an employee was allegedly known as "Wild Bill" for his operation of motor vehicles in a negligent and reckless manner, were properly struck from plaintiff's complaint arising from injuries in a motor vehicle collision. Id. In evaluating the trial court's ruling, the North Carolina Supreme Court examined plaintiff's allegation that "[defendants] were negligent in having and retaining in their employ William Atkins and entrusting to him the operation of the wrecker . . . ." Id. The court stated that if defendants admitted Atkins "was acting within the scope of his employment," then allegations of negligent entrustment "would become irrelevant and prejudicial and should be stricken . . . ." Id.

Similarly, in Johnson, the North Carolina Supreme Court considered whether the trial court erred by not submitting "the alleged failure of the corporate defendant to supervise its employee, Miss Lamb" to the jury. Johnson, 273 N.C. at 706. In that case, it was admitted in the answer that Lamb "was the employee of the corporate defendant and, in treating the plaintiff, was acting in the course of her employment." Id. The court concluded that allegation of negligent supervision "was not material to the determination of the rights of the parties." Id. at 707. There, the court explained "[i]f an employee is negligent while acting in the course of employment . . . , the employer is liable in damages under the doctrine of respondeat superior, notwithstanding the fact that the employer, himself, exercised due care in the supervision and direction of the employee." Id. "Conversely,

3

failure to instruct or supervise an employee does not impose liability upon the employer if, in fact, the employee was guilty of no negligence in the performance of his work." Id.

The only recognized context under North Carolina law where a stipulation to vicarious liability would not preclude theories of direct liability against an employer is where a claim for punitive damages is presented. See N.C. Gen. Stat. § 1D-15 ("Punitive damages shall not be awarded against a person solely on the basis of vicarious liability for the acts or omissions of another."); Plummer v. Henry, 7 N.C. App. 84, 89–90 (1969). There is, as noted, no issue of punitive damages claim remaining in the case.

The facts of this case are analogous to Heath and Johnson. Plaintiffs seek to raise defendant Greyhound's direct liability based on evidence of "[defendant] Greyhound's policies and procedures, . . . , and bus drivers are found to have exceeded their allowable hours, and '[a]ny procedure, program or [sic] otherwise used or implemented by Greyhound to monitor driver hours and/or fatigue.'" (See Pl. Trial Br. (DE 87) at 2, 4). Plaintiffs' evidence is intended to prove defendant Greyhound "knew or had reason to know" of defendant Robinson's negligent or grossly negligent conduct, yet allowed him to drive in any event. See Smith, 202 F.3d at 250. The parties have stipulated defendant Robinson was acting within the scope of his employment at the time of the accident and defendant Greyhound is vicariously liable as to any negligence by defendant Robinson. (See Joint Stipulations of Fact (DE 84) ¶¶ 11, 18). Therefore, plaintiffs' arguments as to defendant Greyhound's direct liability are "irrelevant and prejudicial" and should not be submitted to the jury. Heath, 240 N.C. at 307-08; Johnson, 273 N.C. at 706-07.

Plaintiffs argue defendants are judicially estopped from asserting defendant Greyhound's direct liability cannot be submitted to the jury because of their arguments seeking dismissal of

plaintiffs' punitive damages claim. Judicial estoppel prevents a party from taking inconsistent positions in litigation. See Old Republic Nat'l Title Ins. Co. v. Hartford Fire Ins. Co., 369 N.C. 500, 506, reh'g denied, 369 N.C. 567 (2017). However, "judicial estoppel is limited to the context of inconsistent factual assertions and [] the doctrine should not be applied to prevent the assertion of inconsistent legal theories." Whitacre P'ship v. Biosignia, Inc., 358 N.C. 1, 32 (2004). As discussed above, direct liability is relevant for determining availability of punitive damages, however, it is otherwise irrelevant and prejudicial in light of a stipulation to vicarious liability. (See Joint Stipulations of Fact (DE 84) ¶ 18). Defendant Greyhound's stipulation to vicarious liability is not factually inconsistent with assertions that it adequately supervises its employees. See Johnson, 273 N.C. at 707. Therefore, defendants are not judicially estopped from asserting their position.

Since plaintiffs' direct liability claim is not cognizable under North Carolina law, the court withheld submission of any direct liability claim against defendant Greyhound to the jury.

## CONCLUSION

For the reasons stated herein, the court WITHHELD submission of the issue of defendant Greyhound's direct liability for gross negligence from the jury.

SO ORDERED, this the 18th day of January, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge